UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LARRY B. LINDSEY,

                        Petitioner,

            -v.-                                  9:07-CV-0800
                                                            (GLS)(DRH)

LAURE KRUEGLER, Assistant District Attorney,

                        Respondent.

APPEARANCES:

LARRY B. LINDSEY
Petitioner, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

The Clerk has sent to the Court a petition for a writ of habeas corpus brought by Petitioner Larry B. Lindsey pursuant to 28 U.S.C. § 2254, together with an application to proceed *in forma pauperis*. Dkt. Nos. 1, 2, and 5.

The Petition appears to ask this Court to determine the legality of Lindsey's arrest in Rensselaer County. Dkt. No. 1 at 1. Petitioner claims that his arrest was without probable cause and therefore violates his Federal constitutional rights. *Id*.; *see also* Dkt. No. 2.

28 U.S.C. §2254 requires that this Court:

> ... shall entertain an application for a writ of habeas corpus in behalf of a person in custody **pursuant to the judgment of a State court** ... ."
> (emphasis supplied).

It is apparent from review of the petition that Lindsey is not in custody pursuant to a state court judgment of conviction. Rather, Lindsey is awaiting trial on a number of

charges that were filed against him in Rensselaer County.  Dkt. No. 1 at 2-4; *see also* Dkt. No. 6 at 2 (copy of letter from state court indicating that Petitioner's state court trial on the pending charges is scheduled for September 27-28, 2007).  Clearly, Lindsey is not challenging **a judgment of a state court** on these criminal charges.

"On the facts presented the remedy petitioner seeks is not open to him.  Section 2254 of Title 28 is inapplicable absent a judgment of the State Court." *United States ex rel. Weston v. Nenna*, 290 F.Supp. 42 (S.D.N.Y. 1968).  Even if Lindsey could show that he was in custody pursuant to a judgement of state court, a section 2254 petition may only be heard by the federal courts after complete exhaustion of all state court remedies.  28 U.S.C. § 2254(b)(1)(A) (emphasis added).[1]

Accordingly, this Court is without jurisdiction to entertain this petition.[2]

Turning to Lindsey's *in forma pauperis* application, Lindsey has not paid the statutory filing fee of $5.00 concerning this proceeding.  A review of Lindsey's *in forma pauperis* application reveals that Lindsey is unable to pay the fee.  Therefore, Lindsey's *in forma pauperis* application is granted

WHEREFORE, it is hereby

---

[1] This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc).  The exhaustion doctrine provides that "a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim."  *Id*. at 191 (citations omitted); *Thomas v. Scully*, 854 F.Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral relief unless 'the applicant has exhausted the remedies available in the courts of the State.'") (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

[2] In the event that Lindsey is ultimately convicted in the state trial court and he exhausts his state court remedies, Lindsey may then seek habeas relief in federal court upon a claim of violation of his constitutional rights.

ORDERED, that Lindsey's request to proceed *in forma pauperis* is granted, and it is further

ORDERED, that this action **DISMISSED**, and it is further

ORDERED, that the Clerk serve a copy of this Order on Lindsey in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:    October 1, 2007

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge